DOUGHERTY, RYAN, GIUFFRA,
ZAMBITO & HESSION
Attorneys for Plaintiff
OEC FREIGHT (NY) INC.
131 East 38th Street
New York, New York 10016
Phone: 212-889-2300
Fax: 212-889-1288
James E. Ryan, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OEC FREIGHT (NY) INC.,

                    Plaintiff,

    -against-

SHANDEX INDUSTRIAL, INC.

                    Defendants.
------------------------------------------------------------------X

Index No:

**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE ENFORCEABILITY OF CONTRACT TERMS AND CONDITIONS**

OEC FREIGHT (NY) INC., the plaintiff/petitioner herein, brings this complaint to enforce contract terms and conditions for declaratory judgment against defendant SHANDEX INDUSTRIAL, INC. (hereafter "SHANDEX").

    1. Plaintiff is a corporation duly licensed to do business within the State of New York, with a place of business at One Cross Island Plaza, 133-33 Brookville Boulevard, Suite 306, Rosedale, New York 11422.

    2. Defendant/respondent is a corporation duly incorporated under the laws of one of the states of the United States having an office and place of business at 2125 Center Avenue, Suite 206, Fort Lee, New Jersey.

    3. This action is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this court's jurisdiction pursuant to 28 U.S.C. § 1331 (i).

    4. The nature of this complaint is a proceeding for a declaratory judgment under § 2201 of the Judicial Code (28 U.S. C. § 2201) for the purpose of determining a question in actual controversy

between the parties, namely the question of the validity of certain terms and conditions of a written contract between the parties for services provided by the plaintiff to the defendant in connection with the ocean transportation of defendant SHANDEX' goods.

5. The written contract upon which this complaint/petition is based was the OEC bill of lading number OERT 204702800978, dated June 2, 2008, which provided for the transportation of SHANDEX' goods from the port of Xingang, China for discharge at the Port of New York (Exhibit "1" annexed hereto). Annexed thereto and made a part thereof was plaintiff OEC'S Terms and Conditions of Service for providing the transportation of SHANDEX' goods, as aforesaid (Exhibit "2").

6. It is OEC's regular and customary practice to always attach a copy of OEC's Terms and Conditions of Service (Exhibit "2") to OEC's contract of carriage, or bill of lading, and to incorporate those terms and conditions of service within said contract.

7. Prior to entering into the contract annexed hereto as Exhibit "1," plaintiff/petitioner OEC and defendant/respondent SHANDEX, had entered into and performed approximately three hundred fifty three (353) other contracts for OEC's services in connection with the ocean transportation of SHANDEX' goods from December 29, 2005 through April 20, 2009. On each prior occasion, a copy of OEC's Terms and Conditions of Service (Exhibit "2") was annexed to the contract of carriage and incorporated and made a part thereof.

8. The contract between the plaintiff/petitioner and the defendant/respondents herein provides among other terms, the following:

**General Lien and Right to Sell Customer's Property.**

> (a) Company shall have a <u>general and continuing lien on any and all property of Customer coming into Company's actual or constructive possession or control for monies owed to Company with regard to the shipment on which the lien is claimed, a prior shipment(s) and/or both</u>; (emphasis added)

> (b) Company shall provide written notice to Customer of its intent to exercise such lien, the exact amount of monies due and owing, as well as any on-going storage or other charges: Customer shall notify all parties having an interest in its shipment(s) of Company's rights and/or the exercise of such lien;

> (c) Unless, within thirty days of receiving notice of lien, Customer posts cash or letter of credit at sight, or, if the amount due is in dispute, an acceptable bond equal to 110% of the value of the total amount due, in favor of Company, guaranteeing payment of the monies owed, plus all storage charges accrued or to be accrued, <u>Company shall have the right to sell such shipment(s)</u> at public or private sale or auction and any net proceeds remaining thereafter shall be refunded to Customer (emphasis added).

**Governing Law; Consent to Jurisdiction and Venue**

> These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of New York without giving consideration to principals of conflict of law. <u>Customer and Company (a) irrevocably consent to the jurisdiction of the United States Southern District Court of New York and the State Courts of *State*; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts; (c) consent to the exercise of in personam jurisdiction by said courts over it</u>, and (d) further agree that any action to enforce a judgment may be instituted in any jurisdiction (emphasis added).

**Per Diem**

> The Customer will be liable for trucker's wait time, demurrage and per diem or per day charges and or detention charges.

9. The container with the defendant/respondents' goods which was transported by the plaintiff/petitioner under bill of lading OERT 204702800978 incurred per diem rental charges in the amount of Two Thousand Forty Dollars ($2,040) after its arrival at destination and before delivery to the defendant. These charges were billed to the defendant SHANDEX by OEC invoice number 2192663 dated March 25, 2009, annexed hereto as Exhibit "3."

10. The defendant/respondent has refused and declined to pay the aforesaid per diem charges on the container, in violation and breach of Clause 22 of OEC's Terms and Conditions of Service.

11. Additionally, defendant/respondent disputes and objects to the validity of Clause 14. of OEC's Terms and Conditions of Service, the General Lien and Right to Sell Customer's Property provision, and to the validity of Clause 21. of OEC's Terms and Conditions of Service: the Governing

Law, Consent to Jurisdiction and Venue provisions, which defendant/respondent has asserted to the plaintiff/petitioner are void and unenforceable against the defendant.

12. Where there is a controversy as to the meaning and effect of a written contract interpretation may be sought from and made by the declaratory judgment of a court having jurisdiction over the parties.

13. A proceeding in the nature of declaratory judgment is a form of remedial procedure which is particularly appropriate where the basic issue underlying the claim of plaintiff is the interpretation or construction of a contract.

14. The basic issue underlying the claim of the plaintiff in these proceedings is whether OEC has the right to exercise a general lien against SHANDEX' goods in its custody, to sell those goods to satisfy the debt owed to OEC by SHANDEX to file these proceedings and to obtain personal jurisdiction over SHANDEX within this Court, pursuant to the terms and conditions of OEC's bill of lading and terms and conditions of service, as aforesaid (Exhibits "1" and "2").

15. A party to written contract may properly seek interpretation by menas of declaratory judgment.

16. Plaintiff/petitioner contends that the claim of the defendant/respondent that Clauses 14, 21. and 22. of OEC's Terms and Conditions of Service are wholly void and unenforceable present a matter of actual controversy by and between the parties and raises a question of the validity of the entire contract of carriage, thereby entitling the plaintiff to the relief sought.

WHEREFORE, plaintiff/petitioner demands a declaratory judgment pursuant to 28 U.S.C. § 2201, finding that the contract is wholly valid and enforceable and that Clauses 14. 21., and 22. of the Terms and Conditions of Services which was annexed thereto and made a part thereof are valid and enforceable and that defendant/respondent is liable for per diem charges on the container which carried its goods under bill of lading number OERT 204702 900424, in the amount of Two Thousand Forty Dollars ($2,040), and that plaintiff/petitioner has the right to assert a General Lien and to sell the defendant/respondent's property pursuant to Clause 14. of the Terms and Conditions of Service; and

that defendant/respondent is subject to this court's jurisdiction pursuant to Clause 21. of the Terms and Conditions of Service, as aforesaid.

Dated:  New York, New York
        January 7, 2010

                                              JAMES E. RYAN
                                              DOUGHERTY, RYAN, GIUFFRA,
                                              ZAMBITO & HESSION
                                              Attorneys for Plaintiff
                                              131 East 38th Street
                                              New York, New York 10016
                                              (212) 889-2300

TO:    SHANDEX INDUSTRIAL, INC.
         2125 Center Avenue
         Suite 206
         Fort Lee, New Jersey 07024

## VERIFICATION

STATE OF NEW YORK      )
                       )ss:
COUNTY OF QUEENS       )

I, ALDO ALVAREZ, being duly sworn, deposes and says that: I am the Claims Administrator and a representative of the plaintiff in the within action; I have read the foregoing VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE ENFORCEABILITY OF CONTRACT TERMS and know the contents thereof; the same is true to my own knowledge, except as to the matters alleged upon information and belief as to those matters I believe to be true.

_____
ALDO ALVAREZ

Sworn to before me this
8th day of January, 2010

_____
Notary Public

JESSICA MARTINEZ
Notary Public, State of New York
No. 01MA6077594
Qualified in Bronx County
Commission Expires July 15, 2010